THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE PACKNETT, JR., *et al.*, Defendants-Appellants.

(No. 11856; ▮▮▮▮▮▮▮▮▮)

Fourth District—June 13, 1973.

John F. McNichols, of Defender Project, of Springfield (J. Daniel Stewart, of counsel), for appellants.

Everett L. Laury, State's Attorney, of Danville, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendants were charged with armed robbery, attempted murder and aggravated battery. The offenses occurred on December 23, 1971. The defendant Hurt was then 16 years old and the defendant Packnett was then 17 years of age.

The defendants ultimately entered pleas of guilty to the charge of armed robbery. The other charges were dismissed pursuant to an agreement with the prosecution. Each defendant was sentenced to a term of

not less than 10 nor more than 18 years. Both appeal and urge that the sentence imposed is excessive.

In addition, the defendant Packnett urges that he was denied equal protection of the law in that he was initially charged and prosecuted as an adult. There were no proceedings pursuant to the provisions of the Juvenile Court Act. (Ill. Rev. Stat. 1971, ch. 37, par. 702—7.) Such proceedings were instituted as to Hurt and this court is advised by verified motion that an order was entered in the juvenile court case removing this cause to the adult criminal docket, thus the equal protection issue is not applicable in the case of Hurt.

■■ This court in *People v. Ellis*, 10 Ill.App.3d 216, 293 N.E.2d 189, held the cited section of the Juvenile Court Act to be unconstitutional under the facts found in *Ellis*. The equal protection issue in Packnett is controlled by the opinion in *Ellis*. Accordingly, the conviction of Packnett must be reversed and the cause remanded to the circuit court with directions to afford Packnett those rights under the Juvenile Court Act he would have had but for the denial of equal protection in accordance with the opinion of this court in *Ellis*. Mr. Justice Trapp adheres to the views expressed in his dissenting opinion in *Ellis*.

As to the defendant Hurt, the only issue is the asserted excessiveness of the sentence imposed of not less than 10 nor more than 18 years. Hurt was 16 on the date of the offense and 17 at the time of the hearing in aggravation and mitigation.

The offense of armed robbery carried a minimum penalty as of the date of this offense of 5 years. (Ill. Rev. Stat. 1971, ch. 38, par. 18—2.) Under the new Code of Corrections, armed robbery is a Class 1 felony with a minimum sentence of not less than 4 years. While we have held that the Code of Corrections, which was effective on January 1, 1973, will be deemed applicable to cases that are on direct appeal and have not reached "a final adjudication", such is not determinative of the issue here urged.

Class 2 and Class 3 felonies are now subject to a legislative mandate that the minimum sentence shall not exceed one-third of the maximum. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c).) That ratio is not legislatively mandated by the Code of Corrections as to this offense— a Class 1 felony. However, the American Bar Association's standards as to *Sentencing Alternatives and Procedures* recommends such ratio and such recommendation was recognized by this court as a suggested guideline, but not necessarily an exact mathematical formula. (See *People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553.) This case, however, was prior to the Code of Corrections.

The offense here was aggravated in that the defendants were armed,

Packnett had a gun and Hurt was armed with a knife. A service station attendant was shot and wounded by Packnett. As the trial court observed, the offense could have resulted in the killing of the victim. The offense is thus aggravated and serious.

■■ The age of the defendant is, however, a circumstance to be considered. While he did have a prior record as a delinquent, such record did involve offenses against the criminal laws. The sentence imposed by constitutional mandate is to be determined "according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, sec. 11.

A majority of the court is of the opinion that the sentence of Hurt should not be modified pursuant to the authority contained in Supreme Court Rule 615. Accordingly, the conviction and sentence as to the defendant Hurt will be affirmed.

Conviction of the defendant Hurt affirmed. Conviction of the defendant Packnett reversed and cause remanded with directions.

SIMKINS and TRAPP, JJ., concur.

## SUPPLEMENTAL ORDER AND OPINION UPON REHEARING

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Lawrence Packnett, Jr., and Michael Hurt originally appealed from a conviction for armed robbery entered upon their plea of guilty. Each defendant was sentenced to a term of not less than 10 nor more than 18 years. In our original opinion, the conviction of the defendant Hurt was affirmed and the majority of the court refused to modify the sentence. The conviction of the defendant Packnett was reversed and the cause was remanded in keeping with the opinion of this court in *People v. Ellis*, 10 Ill.App.3d 216, 293 N.E.2d 189. Thereafter, the Illinois Supreme Court granted leave to appeal and although that court determined a cited section of the Juvenile Court Act to be unconstitutional, its determination as to remedy essentially reversed the determination of this court. Accordingly, by reason of *People v. Ellis*, 57 Ill.2d 127, 311 N.E.2d 98, this court was in error in reversing and remanding for a new trial.

■■ The defendant Packnett's contention with reference to excessiveness of sentence and his contention that the trial court was lacking in sufficient information for imposition of sentence is adequately disposed of in the original opinion. Accordingly, upon rehearing, the conviction and sentence imposed upon the defendant Lawrence Packnett, Jr., should be, and the same are, affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.